UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-cv-21319-ALTMAN

**TERRELANCE MCCRAY**,

    *Petitioner*,

v.

**RICKY DIXON, SECRETARY,
FLORIDA DEPARTMENT OF
CORRECTIONS**,

    *Respondent.*
_____/

## ORDER

Our Petitioner, Terrelance McCray, filed a two-ground habeas petition under 28 U.S.C. § 2254, challenging the constitutionality of his state probation-violation sentence. *See* Petition [ECF No. 1]. We denied McCray's Petition on the merits. *See* Order Denying Petition [ECF No. 14] at 21–22. McCray has now filed a "Motion for Relief from Judgment or Order" ("Motion"), seeking to reopen his habeas proceedings under Federal Rule of Civil Procedure 60(b) because of "fraudulent misrepresentations by the Respondent[.]" Motion [ECF No. 26] at 7. Two problems with this. *One*, McCray's fraud claim is just a smokescreen for an attack on his state-court sentence, which makes the Motion an unauthorized successive petition. *Two*, even if we treated the Motion as a motion for reconsideration under Rule 60(b)(3), McCray's claim would still fail. We therefore **DENY** the Motion.

### THE LAW

**I. The Rule Against Successive Habeas Applications**

A prisoner "in custody pursuant to the judgment of a state court" may file a petition for writ of habeas corpus under 28 U.S.C. § 2254 in a federal district court "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). As a

general rule, however, habeas petitioners are prohibited from filing second or successive § 2254 petitions. *See* 28 U.S.C. § 2244(a) ("No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus[.]"). A habeas petitioner can only circumvent this bar if he makes "a prima facie showing" that (1) the claim he is raising is "new, meaning that it cannot have been presented in an earlier petition," or (2) the new claim "relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court" or "the factual predicate underlying the claim . . . would be sufficient to establish by clear and convincing evidence that . . . no reasonable factfinder would have found the applicant guilty of the underlying offense." *In re Dailey*, 949 F.3d 553, 556–57 (11th Cir. 2020) (quoting 28 U.S.C. § 2244(b)(2)).

But a successive habeas petition can't be filed in the district court as a matter of course. "Before a prisoner may file a second or successive habeas petition [in the district court], [he] first must obtain an order from the court of appeals authorizing the district court to consider the petition [pursuant to] 28 U.S.C. § 2244(b)(3)(A)." *Thomas v. Sec'y, Fla. Dep't of Corr.*, 737 F. App'x 984, 985 (11th Cir. 2018). "Absent such an order, the district court lacks jurisdiction to consider a second or successive habeas petition." *Ibid.*; *see also Insignares v. Sec'y, Fla. Dep't of Corr.*, 755 F.3d 1273, 1278 (11th Cir. 2014) ("[A] district judge lacks jurisdiction to decide a second or successive petition filed without our authorization.").

## II. Federal Rule of Civil Procedure 60(b)

A losing party may file a post-judgment motion under Rule 60(b), which offers relief from a final judgment if the movant can show mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, fraud, or "any other reason that justifies relief." FED. R. CIV. P. 60(b)(1)–(6). But

Rule 60(b) is an extraordinary remedy, and "disagreement with the Court's ruling is an insufficient basis for reconsideration of a prior order." *Martes v. Sacco*, 2011 WL 13272347, at *1 (S.D. Fla. Apr. 7, 2011) (Dimitrouleas, J.). Rule 60(b) is "not a vehicle for rehashing arguments the Court has already rejected or for attempting to refute the basis of the Court's earlier decision." *Ibid.* (quoting *Lamar Advertising of Mobile, Inc. v. City of Lakeland*, 189 F.R.D. 480, 490 (M.D. Fla. 1999)). The rule requires that the moving party "demonstrate a justification for relief so compelling that the district court is required to grant the motion." *Maradiaga v. United States*, 679 F.3d 1286, 1291 (11th Cir. 2012) (cleaned up); *see also Enax v. Goldsmith*, 322 F. App'x 833, 835 (11th Cir. 2009) ("Relief under Rule 60(b) is an 'extraordinary remedy which may be invoked only upon a showing of exceptional circumstances.'") (quoting *Crapp v. City of Miami Beach*, 242 F.3d 1017, 1020 (11th Cir. 2001))).

The rules regarding successive habeas petitions apply to Rule 60(b) motions seeking relief from a judgment denying a § 2554 petition. *See Gonzalez v. Crosby*, 545 U.S. 524, 531 (2005) ("[E]very [court] to consider the question has held that such a pleading, although labeled as a Rule 60(b) motion, is in substance a successive habeas petition and should be treated accordingly. We think those holdings are correct.") (internal citations omitted). A Rule 60(b) motion must be construed as a successive petition if it "attacks the substance of the federal court's resolution of a claim on the merits." *Echmendia v. Fla. Dep't of Corr.*, 716 F. App'x 914, 916 (11th Cir. 2017) (quoting *Gonzalez*, 545 U.S. at 532). Conversely, a Rule 60(b) motion will *not* be treated as a successive § 2254 petition if challenges "some defect in the integrity of the federal habeas proceedings." *Gonzalez*, 545 U.S. at 532.

## ANALYSIS

McCray had argued in his Petition that his trial lawyer was ineffective for failing "to properly investigate facts during plea negotiations." Petition at 5. He explained that his lawyer told him that "the State's offer was 25 min/man," but that McCray "would receive 30 years" if he lost his probation-violation hearing. *Id.* at 6. McCray alleged that state prosecutors wrongly assumed he was subject to a

3

25-year minimum-mandatory sentence, and that his lawyer "should have been able to point out this legal error and bargain the State down to a more favorable offer." Order Denying Petition at 17. The Respondent countered that the State "never made a plea offer." Response [ECF No. 10] at 22. After careful review, we rejected McCray's arguments, explaining that "the record [was] clear that the State never extended him any formal offer." Order Denying Petition at 19 (emphasis omitted). We also agreed that, even if McCray's lawyer had been ineffective, it was "exceedingly unlikely" that the trial court "would have accepted a plea agreement that allowed McCray to serve a sentence of less than twenty-five years." *Id.* at 20 n.8.

In *this* Motion, McCray claims that the State had, in fact, presented "two different plea offers" on "two separate occasions" before McCray's probation-violation hearing. Motion at 5. McCray attached to his Motion several state-court filings and an email exchange,[1] which (he believes) "contradict[] the Respondent's assertion that the State never extended McCray a formal offer[ ] and call[] into question this Court's conclusion." *Id.* at 7 (cleaned up). McCray also claims that the Respondent "purposely omit[ted] the attached documents from the record," and that the "fraud committed by the State in this case" deprived McCray of an evidentiary hearing on his habeas petition. *Id.* at 6–7. For the following two reasons, we **DENY** the Motion.

*First*, we lack jurisdiction to consider McCray's Motion because it is, in effect, an unauthorized successive habeas petition. A Rule 60(b) motion must be construed as a successive habeas petition if it "attacks the federal court's previous resolution of a claim on the merits" or "present[s] new evidence

---

[1] Around the time we denied the Petition, "a family member of [McCray] purchased" the "prosecution file[s]" in McCray's criminal cases through a state public-records request. Motion at 4. "After receiving a copy" of these files, McCray says that he "discovered"—we assume, for the first time—"two separate documents inside the file[s] that reflect[ ] the terms of two different plea offers" the State allegedly extended before McCray's probation-violation hearing. *Id.* at 5. From what we can tell, the Respondent never shared these internal files with McCray in his state-court or federal habeas proceedings. *See generally* Resp.'s Exhibits A-M [ECF No. 12-1]; Resp.'s Exhibits N-BB [ECF No. 12-2]. But, as we'll explain, we don't think the Respondent acted fraudulently by not disclosing these documents.

in support of a claim already litigated[.]" *Gonzalez*, 545 U.S. at 531; *see also Stewart v. United States*, 646 F.3d 856, 859 (11th Cir. 2011) ("AEDPA's restrictions on second or successive motions are meant to forestall abuse of the writ of habeas corpus, by, for instance, barring successive motions raising habeas claims that could have been raised in earlier motions where there was no legitimate excuse for failure to do so." (cleaned up)). And the Eleventh Circuit has held that "district courts do not have the jurisdiction to consider Rule 60(b) motions to reconsider the denial of a habeas petition unless the motion is a [Rule] 60(b)(3) motion, that is, one made to prevent fraud upon the court." *Boone v. Sec'y, Dep't of Corr.*, 377 F.3d 1315, 1317 (11th Cir. 2004).

McCray's Motion is a successive habeas petition because he proffers new evidence to support his already-litigated, ineffective-assistance-of-counsel claim. After all, McCray says that newly discovered public records—which he (apparently) hadn't discovered until months after we denied his Petition—prove that the State extended him two plea offers. Based on this new evidence, McCray urges us to reopen his case so that he can (again) try to prove that his lawyer "was in fact constitutionally deficient during plea negotiations." Motion at 7; *see also ibid.* ("[H]ad these fraudulent misrepresentations by the Respondent [ ] not occurred, this Court could have determined that . . . further factual development was necessary . . . requiring the need for an evidentiary hearing." (cleaned up)). Since McCray "in effect asks for a second chance to have the merits [of his Petition] determined favorably," his Motion is a successive petition. *Gonzalez*, 545 U.S. at 532 n.5 (cleaned up). And, while McCray blames the Respondent for omitting these documents, "an attack based on . . . habeas counsel's omissions ordinarily does not go to the integrity of the proceedings[.]" *Ibid.*; *see also Franqui v. Florida*, 638 F.3d 1368, 1373 (11th Cir. 2011) ("An omission alone does not amount to a defect in the integrity of the proceedings." (citation omitted)). And McCray hasn't applied to the Eleventh Circuit "for permission to file a successive application." *Fugate v. Dep't of Corr.*, 301 F.3d 1287, 1288 (11th Cir. 2002) (citing 28 U.S.C. § 2244(b)(3)(A)). His Motion is therefore an unauthorized, successive

petition that must be dismissed. *See Insignares*, 755 F.3d at 1278 ("Insignares did not seek permission to file a successive petition. Therefore, the district judge had jurisdiction to hear his petition only if Insignares's application was not second or successive.").

*Second*, even if we treated the Motion as a Rule 60(b)(3) motion for reconsideration based on fraud by an opposing party, McCray *still* wouldn't be entitled to relief.[2] "Where relief from a judgment is sought for fraud on the court, the fraud must be established by clear and convincing evidence." *Booker v. Dugger*, 825 F.2d 281, 283 (11th Cir. 1987). "Conclusory allegations of fraud without clear and convincing probative facts supporting the claim do not serve to raise the issue of the existence of fraud." *United States v. Bueno-Sierra*, 723 F. App'x 850, 855 (11th Cir. 2018) (citing *Booker*, 825 F.2d at 283). McCray can't meet this standard because he *still* hasn't shown that state prosecutors ever extended him a plea offer.

For one thing, McCray contradicts his own sworn testimony. At his probation-violation hearing, McCray agreed with his lawyer that the State *never* made a formal offer. *See* Probation Violation Hr'g Tr. [ECF No. 11-3] at 6:6–12 ("[Defense Counsel]: [The previous state attorney] never came with me with a certain number, your Honor. But I've talked to Mr. McCray and I believe he wanted to go forward on the violations. [The Court]: Alright, is that correct Mr. McCray? [McCray]: Yes."). And "[s]olemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). For another, the documents McCray has attached to his Motion likewise don't

---

[2] We'll briefly consider whether McCray's claim amounts to fraud by an opposing party under Rule 60(b)(3), because he's accused the Respondent of intentionally omitting material evidence in its Response. *Compare Franqui v. Florida*, 638 F.3d 1368, 1372–73 (11th Cir. 2011) (holding that the petitioner failed to allege that his lawyer committed "fraud upon the court" by omitting a claim in his habeas petition because (1) the petitioner never alleged that his lawyer "*actually intended* to omit the claim" and (2) the petitioner's "*own conduct* [in failing to review the petition] contributed, in a fundamental way, to the claim-omission" (cleaned up & emphases added)), *with* Motion at 6 ("[T]he Respondent was aware . . . that the documents were available . . . but elected to put before this Court facts and assertions which it was aware were materially false. The Respondent even went as far as to purposely omit the attached documents from the record submitted to this Court." (cleaned up)).

establish that the prosecutors *actually* extended him an offer. At best, these internal documents show that prosecutors might have *planned* on doing so. *See* Aycart-Messier Email [ECF No. 26] at 11 ("[M]y offer on the probation violation is 40 ysp with all cts with a 25 and 3 yr mm. Doubt he's going to take it."); Amended Affidavit [ECF No. 26] at 12 (including handwritten notes to "admit and revoke 40 ysp [with] all cts [with] 25 yr [minimum-mandatory]").[3] Since McCray can't prove that any offer was *actually* made, he cannot show that the Respondent *fraudulently* hid these documents from us in an effort to show that an offer *wasn't* made.

For these two reasons, then, we **ORDER AND ADJUDGE** that Terrelance McCray's "Motion for Relief from Judgment or Order" [ECF No. 26] is **DENIED**. Since the Motion is a successive petition, we have no jurisdiction to issue a certificate of appealability. *See Williams v. Chatman*, 510 F.3d 1290, 1295 (11th Cir. 2007) ("Without [successive] authorization, the district court lacked subject matter jurisdiction to consider the successive petition, and therefore could not issue a [certificate of appealability] with respect to any of these claims." (cleaned up)). To the extent we have jurisdiction, we won't issue a certificate of appealability because we also find that McCray hasn't shown any defect in his habeas proceedings under Rule 60(b)(3).

**DONE AND ORDERED** in the Southern District of Florida on June 2, 2025.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:    Terrelance McCray, *pro se*

---

[3] McCray also attached a court document dated August 22, 2016, with a log of court dates from his criminal case and various handwritten notes that (we think) convey absolutely nothing about whether prosecutors made any plea offers to him before his probation-violation hearing. *See* Preliminary Criminal Court Calendar [ECF No. 26] at 14.